IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN SANFILIPPO,

    Petitioner,

v.                                                           CASE NO. 3:15-cv-59-MCR-GRJ

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2005 Santa Rosa County conviction for various charges of fraud, failure to establish an account or deposit escrow funds, theft of constructive funds, making false statements, and investing proceeds from racketeering activity. (ECF Nos. 1 & 13.)

Petitioner raises four grounds for federal habeas review: (1) ineffective assistance of counsel, for failure to call witnesses at trial; (2) ineffective assistance of counsel, for failure to object to the state's information as faulty or deficient; (3) and ineffective assistance of counsel,

for failing to object to a conflict of interest between the state attorney's office and Petitioner or alternatively failure to move for a change of venue. (ECF No. 1.)

Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. (ECF No. 13.)  Petitioner filed his response on January 4, 2016, ECF No. 17.  After reviewing Petitioner's response the Court directed Petitioner and Respondent to file follow-up addressing Petitioner's equitable tolling argument. The parties have filed responses (ECF Nos. 19 & 20.)  The motion to dismiss, therefore, is now ripe for consideration.  Upon due consideration of the motion to dismiss and the state-court record, the Court recommends that the motion to dismiss be granted.[1]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period for a prisoner to seek federal habeas corpus review of his conviction.  28 U.S.C. § 2244(d).  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Following a jury trial, Petitioner was found guilty on April 26, 2006 as to twenty-six counts of fraud, failure to establish an account or deposit escrow funds, theft of constructive funds, making false statements, and investing proceeds from racketeering activity.  (ECF No. 13-1 at 136-41.)  Petitioner was sentenced on August 24, 2006 to a total of fifteen years imprisonment (fifteen years imprisonment on counts 1, 2, and 26, and five years imprisonment on counts 3-6, 11, 12, and 14-25, all to run concurrently to count one).  (ECF No. 13-1 at 168-71.)

Petitioner appealed his conviction and sentence to the First District Court of Appeal of Florida.  (ECF No. 13-1 at 254-83, ECF No. 13-2 at 1-39, ECF No. 13-2 at 40-95, ECF No. 13-2 at 97-109.)  The decision was *per curiam* affirmed on June 11, 2008.  (ECF No. 13-2 at 111.)  Mandate issued June 27, 2008.  (ECF No. 13-2 at 113.)

Through counsel, Petitioner filed a motion to reduce or modify his sentence pursuant to Fla. R. Crim. P. 3.800 (c) on August 25, 2008.  (ECF No. 13-2 at 115-17.)  His attorney later withdrew the motion in court on October 27, 2008.  (ECF No. 13-2 at 119.)

Petitioner filed a *pro se* post-conviction motion for relief pursuant to Fla. R. Crim. P. 3.850 on January 15, 2010, and filed an amended motion on July 16, 2010 after the trial court struck one of his grounds for relief. (ECF No. 13-2 at 145-57, 198-200, 213-240.)  The court granted a limited evidentiary hearing on the issue of whether his trial counsel was ineffective for failing to move for a judgment of acquittal on certain counts due to improper venue. (ECF No. 13-2 at 269-70.)  After the evidentiary hearing, the court denied Petitioner's motion for post-conviction relief on April 2, 2013, by written opinion with attachments.  (ECF No. 13-3 at 58-76, 77-243.)

Petitioner appealed the denial of his motion for post-conviction relief through counsel.  (ECF No. 13-4 at 203, ECF No. 13-5 at 33-72, 74-102, 104-17.)  The appeal was *per curiam* affirmed on January 15, 2015, and mandate issued February 10, 2015.  (ECF No. 13-5 at 119, 121.)  This Petition followed on February 17, 2015.

The one-year limitations period of AEDPA begins on the date that the Petitioner's conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The direct review of Petitioner's conviction concluded on June 11, 2008, when the Florida First District Court of Appeal affirmed the conviction *per curiam*. Because the conviction was affirmed *per curiam*, Petitioner could not seek discretionary relief with the Florida Supreme Court.  See Art. V. § 3(b), Fla. Const.; *Jollie v. State*, 405 So.2d 418, 421 (Fla. 1981); *Jenkins v. State*, 385 So.2d 1386, 1389 (Fla. 1980).  Petitioner was entitled to seek a writ of certiorari with the United States Supreme Court within ninety days.  See *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

Petitioner did not file a petition for writ of certiorari. Accordingly, his conviction became final on September 9, 2008, after the ninety days to seek certiorari passed.  Petitioner filed a motion for post conviction relief on January 15, 2010, more than one year after his conviction became final.  At this point, the one-year AEDPA limitations period had run untolled for the entire year.  The state court motions cannot toll the limitations period when the limitations period already has expired, nor can these motions revive the limitations period.  See *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir.

2003). The petition is therefore untimely unless Petitioner is entitled to equitable tolling of AEDPA's statute of limitations.[2]

In his response to the motion to dismiss, Petitioner claims that he should be entitled to equitable tolling because he "paid an individual to perfect his Rule 3.850 Postconviction motion, which if prepared and file[d] as intended, would have stopped the federal clock. (ECF No. 17 at 1.) Petitioner states that he was defrauded and had to submit his own post-conviction motion. Petitioner says that under these circumstances he should not be barred by the limitations period.

Based on Petitioner's representations in his response, the Court ordered Petitioner to file a declaration elaborating on the retention of an individual to submit a post-conviction motion on his behalf. Respondent was then given the opportunity to respond to Petitioner's submission.

According to Petitioner this is what happened. Petitioner met Joseph Schuldt in prison on December 16, 2008. Schuldt told Petitioner that he was an attorney serving a prison term and would be released soon, and after his release he would be reinstated to practice law in Florida. Petitioner agreed to retain Schuldt to "perfect" his Rule 3.850 post

---

[2] Petitioner has not argued or presented any factual allegations to suggest that he should be excused from the one-year limitations period.

conviction motion.

Petitioner states that Schuldt emailed Petitioner's wife on June 5, 2009, after Schuldt's release from prison, and sent Petitioner's wife a fraudulent case number of a motion that Schuldt filed on Petitioner's behalf. Schuldt requested $480.00 to cover the filing fees from Petitioner's wife. Petitioner claims that Schuldt sent his wife a copy of the alleged post conviction motion, to create the impression that he filed the motion on Petitioner's behalf. Petitioner says that what Schuldt actually sent, however, was an "Attorney Admission Application for the United States District Court, Middle District," a "Notice of What Documents Could not Be Filed Electronically" and an "Amended Case Assignment Order."

Petitioner sent a Notice of Inquiry to the United States District Court, Pensacola Division and Tallahassee Division on July 8, 2009. The Pensacola Division responded on July 15, 2009 advising that Petitioner was not a party to any case filed in the Northern District. The Tallahassee Division sent Petitioner a similar response on July 16, 2009. (ECF No. 17 at 21-24.)

Petitioner sent a letter to Schuldt on July 22, 2009, demanding that Schuldt refund his money. (ECF No. 17 at 26.) Petitioner filed a complaint

against Schuldt with the Florida Bar on August 14, 2009. (ECF No. 17 at 28-31.) Petitioner attached to his declaration a letter from the Florida Bar to Schuldt, which required Schuldt to respond to determine whether this was a matter to be referred to an unlicensed practice of law committee. (ECF No. 17 at 32.) Notably, Petitioner learned that Schuldt had not filed a post conviction motion, made demand on Schuldt to return money and complained to the Florida Bar *before* the one year statute of limitations expired on September 9, 2009. In short Petitioner could have filed his Rule 3.850 motion timely even after he discovered that Schuldt apparently misled Petitioner.

Petitioner represents that he filed a motion for extension of time in the Santa Rose Circuit Court on June 22, 2009, which was denied on August 5, 2009. He filed his Rule 3.850 motion on January 15, 2010.

Equitable tolling can be available in extraordinary circumstances. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-13 (2005)(stating that only extraordinary circumstances justify the remedy of equitable tolling). To demonstrate that he is entitled to equitable tolling, Petitioner must show that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Equitable tolling is not warranted for "a garden variety claim of excusable neglect" by an attorney, but more egregious conduct may qualify. *Holland v. Florida*, 560 U.S. 631 (2010).

Based on Petitioner's sworn declaration, it is evident that Petitioner did not hire an attorney to file a post conviction motion on his behalf. Rather, Petitioner discussed with Schuldt enlisting his assistance to file a Rule 3.850 motion. Notably, at the time of these discussions Petitioner was well aware that Schuldt was not a licensed attorney and rather than paying Schuldt for his services, Petitioner described the arrangement as a "pro bono representation."

The situation is similar to the situation in *Henderson v. Johnson*, 1 F. Supp. 2d 650 (N.D. Tex. 1998). In *Henderson*, the petitioner alleged that a fellow inmate represented that he was a lawyer and a former law clerk to a federal judge. This inmate told the petitioner that he would prepare and file a federal habeas petition on petitioner's behalf. The inmate later told

petitioner that he had filed the habeas petition in August of 1996, and the inmate advised the petitioner not to contact the court.  The petitioner did not contact the court until July of 1997, at which time he was informed that no petition had been filed on his behalf.  Petitioner, there, argued that he was entitled to equitable tolling of the AEDPA limitation period, as the inmate he relied upon committed fraud.

The *Henderson* court held that the petitioner was not entitled to equitable tolling.  The court explained that this situation was not extraordinary, as prisoners frequently rely on other inmates to prepare legal filings.  The court also stated that inmates, unlike lawyers, are not subject to legal ethical obligations, and the petitioner's decision to rely on the inmate was voluntary.

The situation here is almost identical.  Petitioner chose to rely upon Schuldt to prepare his Rule 3.850 motion in a timely manner.  Petitioner knew that at the time he asked Schuldt to file the petition, Schuldt was not currently licensed to practice law.  Indeed, at the time of the conversation Schuldt was an inmate in the same prison where Petitioner was housed. A review of the letter dated August 7, 2009 from the Florida Bar to Schuldt (ECF No. 19, p. 32) evidences that the Florida Bar requested that Schuldt

respond as to why Schuldt should not be referred to the unlicensed practice of law committee. Nevertheless, in the face of this information Petitioner made the decision to rely on an individual—who Petitioner knew was not licensed to practice law—to prepare and submit a court filing on his behalf.  This is not the type of extraordinary circumstance that warrants equitable tolling.  *See also Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000)(holding that prison law clerk's slow preparation of federal habeas petition did not entitle petitioner to equitable tolling); *U.S. ex rel. Bishop v. Cowan*, 2000 WL 1898467 (N.D. Ill. 2000)(holding that equitable tolling was not warranted based on a prison law clerk's failure to file a federal habeas petitioner on petitioner's behalf as promised).

Based upon these events the Court concludes that Petitioner has failed to demonstrate extraordinary circumstances sufficient to warrant equitable tolling of the AEDPA limitations period. Petitioner's habeas petition is, therefore, due to be dismissed as untimely.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as

Untimely, ECF No. 13, should be **GRANTED** and the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED**.

**IN CHAMBERS** this 18th day of April 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.